UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL E. INMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:18-CV-70 RLM-MGG |
| vs. | ) | |
| | ) | |
| RON NEAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Michael E. Inman, Jr., a prisoner representing himself, filed a complaint alleging that he was subjected to sexual misconduct by Correctional Officer Joseph Bauer in 2017 at the Indiana State Prison. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

First, Mr. Inman alleges that on June 4, 2017, Officer Bauer approached his cell and began a sexually explicit conversation. Mr. Inman is transgender and was

transitioning. Ultimately, Officer Bauer moved closer towards the cell and told Mr. Inman to touch his erect penis, which Mr. Inman did out of fear. "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012). Giving Mr. Inman the benefit of the inferences to which he is entitled at this stage, he has stated a plausible Eighth Amendment claim against Officer Bauer.

Next, Mr. Inman complains that Officer Bauer came into his cell twice on November 20, 2017. On both occasions, Officer Bauer ordered Mr. Inman to get on his "knees and bend over" while Officer Bauer searched the cell. Although Officer Bauer's alleged actions are unexplained and seemingly bizarre, they don't call to mind any constitutional violation. Unlike their encounter five months earlier, there is no allegation that Officer Bauer had any impermissible motive. There is no allegation that Officer Bauer touched Mr. Inman on this date. There is no indication that this act caused Mr. Inman to suffer any harm. As alleged in the complaint, Mr. Bauer's November 20, 2017, action of having Mr. Inman bend over while he searched the cell doesn't plausibly give rise to a constitutional claim.

Finally, Mr. Inman sues ISP Warden Ron Neal. The warden isn't mentioned anywhere in the body of the complaint. Mr. Inman doesn't allege that the warden violated his rights, only that he supervised employees who did. There is no general supervisor liability under 42 U.S.C. § 1983. George v. Smith, 507 F.3d 605, 609

(7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). This complaint doesn't state a plausible claim against the warden.

For these reasons, the court:

(1) GRANTS Michael E. Inman, Jr., leave to proceed against Joseph Bauer in his individual capacity for compensatory and punitive damages for subjecting him to sexual misconduct on or about June 4, 2017, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Ron Neal as a defendant;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Joseph Bauer at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS that Joseph Bauer respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claims for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 11, 2018.

/s/ Robert L. Miller, Jr.
Judge
United States District Court